Jacob Markowitz, J.
This is a proceeding to invalidate the designating’ petitions of respondents for the election to the party positions of male and female members of the Democratic State Committee for the 9th Assembly District, Bronx County, as well as approximately 376 county committeemen in the 96 Election Districts of the said Assembly District. The Board of Elections in the City of New York overruled petitioners5 objections.
The petition under attack contains approximately 11,000 signatures. Pursuant to section 136 of the Election Law: “1. A designating petition may designate candidates for nomination for one or more public offices or for election to one or more party positions, or both ’ The respondents and others have availed themselves of that right. The petition designates a candidate for County Court, Bronx County, a candidate for member of Congress from the 24th Congressional District, a candidate for member of Congress from the 25th Congressional District, a member of the State Senate, 28th Senatorial District, a member of the Assembly, 9th Assembly District, Bronx County, and for the election to the party positions of delegates and alternates from the 24th and 25th Congressional Districts to the Democratic National Convention, members of the State Committee, male and female, from the 9th Assembly District, delegates and alternate delegates to the First Judicial District Convention, and members of the County Committee from the 96 Election Districts in the said Assembly District. The 11,000 odd signatures were the signatures obtained in the 9th Assembly District on the aforesaid petition.
The petition is bound in the following manner- All of the signatures in the 24th Congressional District, to wit, Election Districts 6 to 62, inclusive, and 76 to 96, inclusive, are in that order, followed by the Election Districts in the 25th Congressional District, to wit, Election Districts 1 to 5 inclusive, and 63 to 75 inclusive. There is no interspersing of signatures in one election district with any other election district. The numbering of the sheets is in consecutive order.
Petitioners contend that the binding of the petition as above indicated is improper and that, insofar as the designating petition applies to the candidates for election to the party positions of State committeemen, and State committeewomen from the 9th Assembly District and all of the candidates for election as county committeemen, it is invalid. Petitioners further contend that it was necessary for respondents to bind each election district separately.
*488 Petitioners rely on the case of Matter of Bevenga (N. Y. L. J., Sept. 4, 1941, p. 495, col. 3, affd. without opinion 262 App. Div. 958, affd. without opinion 286 N. Y. 680). • The decision of Special Term was: “ Motion is denied. Settle order.” The court rendered no opinion. In affirming, the Appellate Division, First Department, stated as follows: ‘ ‘ Orders unanimously affirmed, without costs. Leave to appeal to the Court of Appeals granted. No opinion.” The Court of Appeals affirmed the Appellate Division as follows: ‘‘ Order affirmed' without costs. * * # All concur. ’ ’
An examination of the papers on file indicates that the principal argument relied upon to invalidate said petitions was not that the petition should have been filed according to numerical order of the election districts, but rather that ‘1 the sheets of the petition for an election district were flagrantly interspersed with the sheets of other election districts.” It was further stated: “ In our case it was nearly impossible to check the petitions of an election district because we did not know where to find the other sheets of the petition and did not know if there were other sheets.” In the briefs submitted in the Court of Appeals by petitioner-appellant (Bevenga), it was admitted that pages for various election districts were not consecutive as to the particular election district. A table set forth in petitioner-appellant’s brief in the Court of Appeals indicates numerous such instances. It may be noted that the very Judge who decided the Bevenga case at Special Term several days later decided Matter of Kadell (N. Y. L. J., Sept. 6, 1941, p. 514, col. 4), in which he granted a motion to validate designating petitions purporting to nominate members of the county committee in the Assembly District. The pages of those petitions as filed were numbered consecutively. However, they were not in order starting with the First Election District and terminating with the last election’ district. In an opinion Judge Koch stated:
“ The conclusion is therefore inescapable that petitions must be grouped according to election districts, and will then constitute one petition for each election district. To each such petition the rule of section 135 applies and requires that the pages be numbered consecutively, beginning with number 1, at the foot of each page. This has been done in the cases here involved.
“ The court is mindful that the purpose of the requirement of consecutively numbering pages is to prevent fraud, deception and confusion. ,Section 135, however, does not direct that election districts he placed consecutively in the petition.” (Emphasis supplied.)
*489 The other eases relied on by petitioners have no application inasmuch as they were not situations dealing with a multiple petition. The designating petitions filed herein on behalf of the afore-mentioned respondents have been filed in accordance with long-standing practice of all of the political parties in order to simplify the circulating and filing of primary petitions, and in all respects comply with sections 135 and 136 of the- Election Law. At the argument of the motion it was conceded that petitioners ’ very petitions were bound in the same manner. Absent any showing of fraud or deceit, the court can see no reason for departing from the general practice of filing petitions. It is conceded that no fraud or deceit was intended here, nor was the checking of the petitions impaired in any manner. The Suggestion of the petitioners that each election district must be separately bound would defeat the very purpose of section 136 and the practical manner of circulating petitions.
The application to invalidate the afore-mentioned designating petitions is accordingly denied.